THE STATE OF NEW JERSEY v. THE BOARD OF HEALTH AND VITAL STATISTICS OF HUDSON COUNTY ET AL.

Argued February 18, 1913—Decided December 26, 1913.

Chapter 484 of the laws of 1874 which creates a board of health and vital statistics for Hudson county, and defines its powers and duties, is not repealed by chapter 68 of the laws of 1887, which establishes a state board of health and bureau of vital statistics, and also a local board of health in each of our cities, boroughs, towns and other municipalities.

On *quo warranto*. Demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the state, *Charles L. Carrick* and *George J. McEwan.*

For the demurrants, *William D. Edwards, Joseph M. Noonan* and *Nathan H. Pendergast.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The purpose of this proceeding is to determine the legality of the existence of the Board of Health and Vital Statistics of Hudson County, a public corporation created by chapter 484 of the laws of 1874. *Pamph. L., p.* 569. The state claims that this act of incorporation was repealed by chapter 68 of the laws of 1887, entitled "An act to establish in this state boards of health and a bureau of vital statistics, and to define their respective powers and duties," passed on March 31st, and found in 2 *Comp. Stat., p.* 2656. The argument is that as the act of 1887 is a general law, providing not only for a state board of health and bureau of vital statistics, but a local board in each of the municipalities of the state, and conferring upon such boards powers identical in many respects with those conferred on the Hudson County Board of Health and Vital Statistics, it must be presumed to have been the intention of the legislature to supersede by the later enactment all then existing county boards, and to repeal the statute under which the defendant was incorporated.

It may be that if the act of 1887 furnished the sole method for ascertaining the legislative purpose with relation to the county board of health of Hudson county, the contention of the state would have to be held to be sound, notwithstanding the fact that in the act of 1874 certain powers are conferred upon the county board of health of Hudson county which were not afterwards conferred upon either the state board of health or any of the local boards created by the later enactment. But this is not the situation. On the 21st of April, 1887, twenty days after the enactment of the General Board of Health law, the legislature passed an act entitled "An act to amend the first section of an act entitled 'An act concerning county boards established for the protection of the public health and the registration of vital facts and statistics in counties of this state,' approved May 5th, 1884." This amendatory act provided "That in any and every county of this state wherein there is or may be established by law a county board of health, or county board of health and vital

statistics, or other like county board for the protection or preservation of the public health, such board shall be and hereby is empowered to enact and make ordinances in relation to and for the protection of the public health and the registration of vital facts or statistics." This later statute was enacted by the legislature with full knowledge that it had a few weeks before adopted the general statute with relation to the public health, and is by implication a declaration by it that it did not intend by the general act to wipe out of existence county boards of health which had been theretofore created. To hold otherwise would be to declare that the later enactment was a mere *brutum fulmen,* possessed of no vitality, and operating upon no subject-matter. When it is considered that repeals by implication are not favored, and will not be considered to have taken place unless the legislative intent to abrogate the prior enactment is entirely clear, the conclusion seems inevitable that the present county board of health of Hudson county is an existing corporate body, notwithstanding the enactment of the general statute upon which the state relies.

The defendants are entitled to judgment on the demurrer.